Mr. Justice Walker delivered the opinion of the Court. It is unnecessary to review the proceedings had in this case previous to the filing of the plea in abatement, the substance of which is, that the plaintiff made profert of letters of administration granted to him by the probate court of Phillips county, and that the letters of administration tendered upon oyer, were granted, not by the probate court, but the clerk of said court in vacation. To this plea, a demurrer was interposed by the plaintiff, and sustained by the court, and final judgment rendered in favor of the plaintiff. It is first objected that this plea was interposed after a defence by demurrer to the declaration. Admitting the plea to have been filed out of the order of time for filing dilatory pleas, the objection should have been taken by motion to reject, or strike out the plea, and not by demurrer, which presents alone the legal sufficiency of the plea for consideration. It is next contended that profert was unnecessary in this case, the note having been executed to the plaintiff in his representative capacity, by which the defendant admitted the representative capacity of the plaintiff, and that even if unnecessarily tendered, the plaintiff was not bound to produce it upon prayer of oyer. This is very true, but here the plaintiff did not refuse to grant the oyer, and by granting it, it became part of the record in the case as fully as if set forth in the declaration; and when so granted, the defendant may avail himself of the same defence as he would have been entitled to had oyer been necessarily granted in the first instance. Such is the rule laid down in 1 Chitty's Pl. 430, where it is said: '* But if a profert be unnecessarily made, the defendant must plead without oyer: though if it be craved and given, he has a right to make use of it.” The plaintiff has therefore waived his right to withhold the letters of administration of which he had unnecessarily made profert; and by granting the prayer of oyer, given the defendant the advantage of objecting to their sufficiency. We will proceed to consider the plea. The only ground of objection is that the letters granted upon oyer, were issued to the clerk in vacation; whilst those tendered in proferí, are described as having been issued by the probate court. It is conceded that both the clerk in vacation, and the court in term time, have power to grant letters of administration. The sole object of the proferí was to show that the plaintiff had power to sue in his representative right, and this is as fully shown in the one instance as the other. The statute conferring power on the clerk of the probate court to grant letters in vacation, provides that they shall be subject to the approval or rejection of the court, and unless it is shown that the court rejected the letters so granted, the mere acquiescence of the court in the acts of its officer in vacation, should be taken as an affirmance of such acts, and so in legal effect, the letters, although purporting upon their face to have been issued by the clerk in vacation, are in fact a grant by the court. If any doubt could arise upon this point, the ground of variance was but cause of special demurrer, of which the party could not avail himself under our statute. The rules of strictness observed upon questions of variance between the cause of action set forth in the declaration, and the instrument given on a prayer of oyer, such instrument being the special contract on which the plaintiff’s action is founded, are not applicable to a question of this kind. There a variance, though slight, may change the nature of the contract and the defence to be made to it: here the only question is the right of the plaintiff to sue in a particular capacity, and when that is sufficiently shown to the court, it is matter of minor importance as to the particular source from whence the power is derived. It is, moreover, merely matter in abatement, and should find no favor with courts; indeed, both the English and American courts have gone far to put down and discourage dilatory pleas, which tend but to delay their final decision upon the merits of the case. The demurrer to a plea in abatement, does not, as the appellant seems to suppose, relate back to, and raise any question as to the sufficiency of the declaration. In view of the whole case, we ave of opinion that the circuit court did not err in sustaining the demurrer of the plaintiff to the defendant’s plea in abatement. Let the the judgment be affirmed.